# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| JACKIE WEBSTER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 07-5108-SSA-CV-SW-WAK |
| ) | |
| MICHAEL J. ASTRUE, Commissioner, ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Claimant Jackie Webster seeks judicial review,[1] pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. She claims she became disabled beginning on January 14, 2006.[2] The parties' briefs are fully submitted.

### Standard of Review

The reviewing court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Cline v. Sullivan, 939 F.2d 560, 564 (8th Cir. 1991).

Substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." Young v. Apfel, 221 F.3d at 1068. It is more than a scintilla of evidence, McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983),

---

[1] With the consent of the parties, this case was assigned to the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

[2] This onset date was amended from June 3, 2003.

but is less than a preponderance of the evidence.  Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001).  The possibility of drawing inconsistent conclusions from the evidence does not prevent the Commissioner's finding from being supported by substantial evidence.  Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1).  See Roth v. Shalala, 45 F.3d at 282.  To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment."  McMillian, 697 F.2d at 220.

If the claimant establishes the impairment is sufficiently severe to prevent return to a former occupation, the burden shifts to the Commissioner to produce evidence the claimant can perform other substantial gainful employment.  Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989).  The Commissioner need not find a specific job opening for the claimant, but must demonstrate that substantial gainful activity is realistically within the capabilities of the claimant.  McMillian, 697 F.2d at 221.

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments.  McMillian, 697 F.2d at 221.

Claimant Jackie Webster was born in 1949 and has a high school education.  She worked for many years as an administrative assistant and most recently, worked as a sales person in a cosmetics department.  Her earnings history is good.  She worked steadily part-time for most of the time after her application and prior to January 2006, and so amended her alleged onset date at the hearing held on September 28, 2006.

She is approximately 5 feet 4 inches tall and weighs in the 175 - 180 pound range.  In 2003, she had right eye surgery for chronic macular hole with lattice degeneration.  In 2004, she had recurrent transient ischemic attack or a small stroke.

In her March 2004 application for benefits, she claimed disability due to right eye problems, migraine headaches, and numbness and pain in her upper body and face.  The Administrative Law Judge (ALJ) found she had the following severe impairments:  small vessel ischemic disease of the brain and a hole in her right macula.  He noted she had a history of lung cancer, had been diagnosed with COPD, had GERD, was treated for hypertension and hypothyroidism, and had ocular migraines and depression.  He found these latter impairments to be nonsevere because they were either controlled by medication or had no more than a de minimis effect on her ability to perform substantial gainful activity on a sustained basis.  Ultimately, the ALJ found plaintiff retained the residual functional capacity to perform light work in the economy and could return to her former work as a salesperson in cosmetics and toiletries.

Plaintiff Webster seeks review of that decision.  She asserts the ALJ failed to give the proper weight to the opinion of her treating physician, Dr. Rauscher; improperly based his RFC finding on the report of a nonexamining state agency physician; did not take into account all of her impairments in the RFC finding; and did not consider all of the relevant factors in deciding plaintiff's credibility.

Defendant asserts the ALJ properly considered the evidence and the decision should be affirmed.

The opinion of a treating physician is normally entitled to deference, but the ALJ is not required to defer to such an opinion when it is not internally consistent or it is not supported by acceptable clinical or diagnostic data.  Anderson v. Barnhart, 344 F.3d 809, 813 (8th Cir. 2003) (quoting Cantrell v. Apfel, 231 F.3d 1104, 1107 (8th Cir. 2000)).  The problem with this case, however, is that plaintiff amended her onset date at the hearing.  Thus, the medical source statement of her former treating physician, Dr. Rauscher, was more than two years old, and it was rendered one and one-half years before her amended onset date.  Between the time

of that opinion and her amended onset date, claimant worked part time for sufficient hours to constitute substantial gainful activity within the meaning of the regulations.

Likewise, the psychological examination was performed approximately one year before her amended onset date. Plaintiff claims she had trouble with her job because of mental impairments, but did not submit medical or employment records for the relevant period which would support that assertion.

In the period between the medical opinions and the hearing, plaintiff had several doctor visits, evaluations and tests. Although those records were submitted, the treating physicians did not submit a medical source statement, the ALJ did not request additional information from them, and a consultant did not review the new records.

It is clear plaintiff has severe impairments, that she has worked with some of those impairments, and that the impairments have changed over time, with both improvements and declines. Plaintiff asserts her vision problems interfered with her job, she had substantial back pain following a fall which cracked her tailbone, and that her headaches and memory problems, compounded with other physical problems, rendered her incapable of continuing to work. The record is not clear, however, with regard to the extent her impairments would render her incapable of working after her alleged amended onset date. Thus, the court cannot find there is substantial evidence on the record as a whole to support the ALJ's decision in light of the amended onset date.

The records before the court do not disclose whether plaintiff is capable of doing work in the national economy and is disabled within the meaning of the Social Security Act. Thus, additional data must be gathered and considered by the Commissioner. See <u>Benskin v. Bowen</u>, 830 F.2d 878, 883 (8th Cir. 1987). For these reasons, it is

ORDERED that the decision of the Commissioner is reversed and this case is remanded, pursuant to Sentence 4, for further development of the record and consideration.

Dated this 9th day of October, 2008, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge